IN THE MATTER OF CHARLES TINSLEY, Stenographer.

No court can audit a claim against a county, or order any such claim to be paid by the county treasurer, except by authority of some statute.

In 1879 an official stenographer made and furnished to the district attorney a daily copy of the testimony upon a criminal trial. The Oyer and Terminer, by order, fixed his compensation therefor at twenty-five cents per page, and directed the county treasurer to pay the same. *Held* error; that if the prior statutes fixing the fees of stenographers (Chap. 700, Laws of 1871; chap. 139, Laws of 1872), were repealed by the repealing act of 1877 (Chap. 417, Laws of 1877), the court had no authority to make any order in reference thereto; if said statutes were unrepealed; so far as they affect such compensation, then only the statutory allowance, *i. e.*, six cents per folio, could be given.

(Argued October 10, 1882; decided October 17, 1882.)

APPEAL from order of the General Term of the Supreme Court, in the fourth judicial department, made October 28, 1881, which reversed an order of the Court of Oyer and Terminer of the county of Onondaga, allowing Charles G. Tinsley, the official court stenographer, twenty-five cents per page for making and furnishing to the district attorney a " daily copy " of the testimony given on the trial of an indictment for murder, and directed the county treasurer of said county to pay the same.

The trial was had in September, 1879. The pages of the copy so furnished contained about one and a half folios. It was claimed on the part of the people that the stenographer was entitled to but six cents per folio (§ 2, chap. 700, Laws of 1871, made applicable to the fifth judicial district by chap. 139, Laws of 1872.) On his part it was claimed that said acts were repealed by the general repealing act (Sub. 45, § 1, chap. 417, Laws of 1877), and that until the going into effect of the additional nine chapters of the Code of Civil Procedure there was no law fixing the fees of stenographers for such services.

*Hancock & Munro* for appellant. The appeal to the General Term was from a discretionary order, which did not affect a

substantial right, and should, therefore, have been dismissed. (Code, § 1347, sub. 4.) By the Code of Civil Procedure the official stenographer of the court is required to attend all Courts of Oyer and Terminer. (Code, §§ 86, 258.) The fees of the stenographer for such services are made a charge upon the county, and are to be paid by the county treasurer upon the production of the certificate as to their amount. (Code, §§ 86, 88; 1 R. S. [6th ed.] 927, 928, subd. 2, 9, 15.) It was within the range of the inherent powers of the court to make such order as it deemed proper in the premises, and the determination of the court as to the amount of fees to be allowed was upon a question purely within its discretion. (*Tallman* v. *Hinman,* 10 How. 89; *Abbey* v. *Abbey,* 6 id. 340, n.; *Green* v. *Green,* 3 Daly, 358; *Dickson* v. *McElwain,* 7 How. 138; *Cook* v. *Dickinson,* 3 Sandf. 663.) The Court of Oyer and Terminer is a court of record, having, in addition to the jurisdiction with which it is clothed by the statutes, all the common-law jurisdiction formerly possessed by courts of record as such. (Code of Civil Procedure, §§ 2, 4; *Matter of Hudson Ave.,* 6 Hun, 356, 364.) Where it is evident that a grievous wrong may be committed, in the case of an order not appealable, by some misapprehension or inadvertence of the judge, the court will, in the exercise of its discretion, hear a renewal of a motion. (*White* v. *Monroe,* 33 Barb. 650–654; *Belmont* v. *Erie Ry. Co.,* 52 id. 637–640; *Riggs* v. *Purcell,* 74 N. Y. 370, 378.)

*B. F. Chase* for respondent. A court stenographer is a, public officer and obliged to furnish to the district attorney, whenever required by him in a criminal case, a copy of his stenographic notes written out. (Code of Civil Procedure, §§ 82–88, 258–262.) For that service when performed he is entitled to six cents per folio of one hundred words each. (Laws of 1871, chap. 700, § 2; *People* v. *Brooklyn,* 69 N. Y. 605; *Hartman* v. *New York,* 51 How. 351; *Excelsior Pet. Co.* v. *Embury,* 67 Barb. 161.) And the court possesses no power to allow the stenographer more than the statute prescribed. (1

Dillon on Municipal Corporations [2d ed.], § 172, p. 290; *Palmer* v. *Mayor*, 2 Sandf. 318; *Gilmore* v. *Lewis*, 12 Ohio, 281; *Detroit* v. *Redfield*, 19 Mich. 376; *Evans* v. *Trenton*, 4 Zabr. [N. J.] 766; *People* v. *Supervisors*, 1 Hill, 362; *Wendell* v. *Brooklyn*, 29 Barb. 204; *People* v. *Supervisors*, 12 Wend. 257; *Bright* v. *Supervisors*, 18 Johns. 242; *Mallory* v. *Supervisors*, 2 Cow. 531, 533; *White* v. *Polk County*, 17 Iowa, 413; *Crofut* v. *Brandt*, 58 N. Y. 113; *Smith* v. *Wheldin*, 10 Penn. St. 39; *Heslip* v. *Sacramento*, 2 Cal. 580; *Preston* v. *Bacon*, 4 Conn. 471; *Shattuck* v. *Woods*, 1 Pick. 175; *Bussier* v. *Pray*, 7 S. & R. 447; *Carroll* v. *Tyler*, 2 Harr. & Gill. 54; *Smith* v. *Smith*, 1 Baily, 70; *Debolt* v. *Cincinnati*, 7 Ohio, 237; *Pilie* v. *New Orleans*, 19 La. Ann. 273; *Callaghan* v. *Hallet*, 1 Caines, 104; *Hatch* v. *Mann*, 15 Wend. 44; *Poole* v. *Boston*, 5 Cush. 219; 1 Hill, 88; 53 Barb. 387; 6 Abb. 242; 26 N. Y. 128; 43 How. 197; 3 Hun, 624; 13 Abb. [N. S.] 133, 134; 58 N. Y. 112; 2 Edm. Stats. 669, § 5; *Parker* v. *Newland*, 1 Hill, 87.) No usage is admissible to control the rules of law (*Higgins* v. *Moore*, 34 N. Y. 425; *Security Bk.* v. *Nat. Bk.*, 67 id. 458, 463; *Grant* v. *Gile*, 51 id. 431, 439; *Wheeler* v. *Newbould*, 16 id. 393; *Bowen* v. *Newell*, 8 id. 190; 7 Hill, 497; 6 id. 174; 5 id. 437; 3 Lans. 86; 55 Barb. 228; 1 Daly, 408.) The order of Justice Noxon in this case was not a discretionary order, but affected a substantial right. (*People* v. *N. Y. C. R. R. Co.*, 29 N. Y. 418; *Tallman* v. *Hinman*, 10 How. 89.)

EARL, J. We concur generally in the opinion pronounced at the General Term, and will simply add: If the attorney for the respondent is right in the claim that Tinsley's compensation was regulated by statute, then such compensation could be that only given by the statute, to-wit, six cents per folio. If the claim of Tinsley is well founded that there is no statute regulating the amount of his compensation, and providing for its payment, then the Court of Oyer and Terminer had no right to audit and fix the amount and order it to be paid by the county treasurer. That court has no inherent power as

claimed by him to make such an order, and it is not incident to any statutory power which it possesses. No court can audit any claim against a county or order any claim to be paid by the county treasurer, except by the authority of some statute. If Tinsley's services were properly chargeable to the county, his claim, upon the assumption that there was no statute fixing his compensation and particularly providing for its payment, instead of being presented to the court, should have been presented to the board of supervisors to be audited and allowed by it like other claims against the county.

The order should be affirmed.

All concur.

Order affirmed.