Patricia Deason, Appellant, *v.* Richard Deason, Defendant. County of Albany, Respondent.

Third Department, July 6, 1972.

*Lawrence F. Klepper* (*Paul R. Lichterman* of counsel), for appellant.

*John J. Clyne, County Attorney,* for respondent.

GREENBLOTT, J.    This is an appeal from an order of the Supreme Court at Special Term, entered May 4, 1972 in Albany County, which denied appellant's motion to proceed as a poor person in a divorce action and to compel the County of Albany to pay certain expenses of her action including the cost of service of a summons by publication.

Appellant and her son are recipients of public assistance in Albany County and it is not contradicted that the $220 per month they receive is their sole source of income and that appellant has no available property upon which to draw. Appellant, who married defendant on June 7, 1969, was allegedly abandoned by him on October 29, 1969 at a time when he was under investigation by the police.   She thereafter sought to commence an action for divorce and moved at Special Term for an order permitting her to proceed as a poor person pursuant to article 11 of the CPLR and directing the County of Albany to pay certain expenses of her action including the cost of service of a summons by publication.   Special Term denied her motion in its entirety.

Although a motion to permit a party to an action to proceed as a poor person is addressed to the discretion of the court (*Smith* v. *Smith* [*County of Sullivan*], 2 N Y 2d 120), the refusal to grant appellant poor person relief was an abuse of discretion (see *Emerson* v. *Emerson*, 33 A D 2d 1022). Appellant is entitled to so proceed.   Further, it is clear that the State may not bar the indigent appellant from access to the divorce courts by requiring her to pay the cost of publication as that is the sole statutory method available to her to secure service of process (*Jeffreys* v. *Jeffreys*, 38 A D 2d 431; *McCandless* v. *McCandless*, 38 A D 2d 171; see *Boddie* v. *Connecticut*, 401 U. S. 371).   The difficulty, however, is in determining who shall bear the costs of such publication.

Appellant, by her motion, seeks to have the County of Albany defray said costs. The county contends that the State is required to provide costs for publication.[1]

The Second Department has recently reached the issue now before this court and, agreeing with a determination of the First Department (*Jackson* v. *Jackson*, 37 A D 2d 953), has concluded that publication costs for indigents must be borne by the State rather than by the City of New York[2] (*Jeffreys* v. *Jeffreys, supra*). It was that court's view that the absence of the required statutory authorization (see *Kelly* v. *Merry*, 262 N. Y. 151; *Matter of Guarino* v. *Anderson*, 259 N. Y. 93; *Matter of Tinsley*, 90 N. Y. 231) was crucial and prohibited such payments by the city. "Until the Legislature determines that the aspect of aid to the needy here under consideration shall be provided by the city as a subdivision of the State, the obligation to pay such expenses remains with the State." (*Jeffreys* v. *Jeffreys, supra*, p. 435.) Since the court recognized that future indigent litigants would, as a result of its decision, be compelled to sue the State in the Court of Claims to obtain their proposed disbursements, the court called for legislative action.

The Fourth Department in *McCandless* v. *McCandless* (*supra*), a case decided several months prior to the Second Department's decision in *Jeffreys*, reversed its prior holding in *Brown* v. *Brown* (34 A D 2d 727), rejected the First Department's determination in *Jackson* v. *Jackson* (*supra*) and concluded that the cost of the publication of the summons in its case must be borne by the County of Onondaga.[3] The court stated (p. 173): "An examination of article 11 of the CPLR makes it clear that the State has provided a procedure by

1. Although the State is not a party to the instant proceeding, in an *amicus curiae* brief filed in *Jeffreys* v. *Jeffreys* (*supra*), the Attorney-General argued that publication expenses were chargeable to the local governmental level.

2. For the purposes of our discussion, the City of New York is treated the same as an individual county not located in the City of New York.

3. The Second Department, in *Jeffreys* v. *Jeffreys* (*supra*), responded to the *McCandless* decision as follows (p. 435, n. 2): "But, as we see it, the alternatives are not either requiring the local governing structure, the city or county, to pay the cost of publication, or negating the mandate of *Boddie*. Rather the question is solely whether it is the State or the local governing body which is chargeable with the cost of service by publication if that is necessary to protect the indigent plaintiff's constitutionally protected right of access to the courts. The fact that the procedure for obtaining payment of that cost would appear to be more onerous if it be the State which must pay it is no justification for ignoring the absence of the legally necessary legislative authorization for such payment by the local government and imposing it on that State subdivision."

which a poor person, upon proof of that status and upon a sufficient showing of merit, may secure access to the courts without payment of costs, fees and expenses. That the statutory plan contemplates such charges against the county where the action is triable, or against the City of New York when the action is triable there, is evidenced by the specific allocation of charges in the article as well as the provision that notice of the motion for permission to proceed as a poor person be given to the county attorney of the county in which the action is triable, or to the finance administrator if the action is triable in the City of New York." It was their view that the absence of a specific statutory provision regarding the source of the payment of publication costs for indigents did not permit the negation of the clear mandate established by the Supreme Court in *Boddie* v. *Connecticut* (401 U. S. 371, *supra*). We agree with this analysis of the issue, and add only that section 62 of the Social Services Law adds support to the conclusion that the statutory plan contemplated that the local governmental units should provide for an indigent's publication costs.

The order should be reversed, on the law and the facts, and the motion granted.

HERLIHY, P. J., SIMONS, KANE and REYNOLDS, JJ., concur.

Order reversed, on the law and the facts, and motion granted, without costs.