Beatrice Shainswit, J.
An ex parte order has been presented to this court for signature, in relation to a proceeding wherein petitioner seeks leave to prosecute as a poor person his application to change his name. The court has refused to determine this matter ex parte, but desires to more fully set forth its views so that there will be no misapprehension concerning the reasons for its action, and so that petitioner may not be prejudiced in any further proceeding.
Within the context of a change of name proceeding, the instant application brings to the fore our growing recognition that poor people are entitled to a multiplicity of ameliorative aids, to give them free access to the rights that the well-to-do enjoy almost pro forma. In particular, the courts — which are the citadel of democracy, and where nearly everyone, at one time or another, has to turn for some kind of relief — have become the centerpiece for definitive confirmation that the poor person has almost literally a constitutional right to be afforded unhampered access to our legal system.
We have thus seen a growing encyclopedia of decisions — springing, of course, from Gideon (Gideon v. Wainwright, 372 U.S. 335) and its progeny — establishing that, where a court action is a sine qua non for a species of relief, a poor person must receive freedom of the courts to the same extent as if he had money.
For example, in matrimonial actions, the United States Supreme Court has declared that a State may not bar access to its divorce courts by demanding payment of filing or publication fees from indigent plaintiffs. (Boddie v. Connecticut, 401 U.S. 371 [1971].) The courts of tMs State have, accordingly, required governmental payment of such fees for indigents, although our courts are divided as to whether that cost is to be borne by the State or municipality. (Jeffreys v. Jeffreys, 38 A D 2d 431 [2d Dept., 1972], State; Albino v. City of New York, 39 A D 2d 853 [1st Dept., 1972], State; Deason v. Deason, 39 *118 AD 2d 331 [3d Dept., 1972], County; McCandless v. McCandless, 38 A D 2d 171 [4th Dept., 1972], County.)
Similarly, the CPLR has, within recent years, been amended to add to the rights of a poor person free stenographic transcript on an appeal (CPLR 1102, subd. [b]; see Smith v. Smith, 2 N T 2d 120 [1956]). And the Appellate Term for this Department has held that, in a summary proceeding, an indigent tenant is entitled to city payment of necessary witness fees. (Hotel Martha Washington Mgt. Co. v. Swinick, 66 Misc 2d 833 [1971].)
It is against this framework that the court turns to the specifics of the instant application. Petitioner Malcolm Whyte, a young black man, seeks to assume the name of Toussouph Diallo, because he finds his present name embarrassing, and because he desires closer association with his African heritage and his chosen Islamic faith.
A change of name proceeding is governed by article -6 of the Civil Rights Law (Avhich specifies, among the requisite procedures, an order directing publication in at least one newspaper in the county — CíaúI Rights Luav, § 63); and, of course, there is always the threshold item of a filing fee.
Hand in hand with the above statute, and forming the other perimeter of these proceedings, is the broad background of,the “ in forma pauperis ” proceeding embodied in CPLR 1101, and on which petitioner relies: “ (a) Motion; affidavit. Upon motion of any person, the court in which an action is triable, or to which an appeal has been or will be taken, may grant permission to proceed as -a poor person. The moving party shall file his affidaAdt setting forth the amount and sources of his income and listing his property with its value; that he is unable to pay the costs; fees and expenses necessary to prosecute or defend the action or to maintain or respond to the appeal; the nature of the action; sufficient facts so that the merit of his contentions can be ascertained; and whether any other person is beneficially interested in any recovery sought and, if so, Avhether every such person is unable to pay such costs, fees and expenses. Am executor, administrator or other representative may move for permission on behalf of a deceased, infant or incompetent poor person.
“(b) Certificate. The court may require the moving party to file with the affidavit a certificate of an attorney stating that he has examined the action and believes there is merit to the moving party’s contentions.
*119 “(c) Notice. If an action has already been commenced, notice of the motion shall be served on all parties, and notice shall also be given to * * * the finance administrator if the action is triable in the city of New York.”
As to the initial question of whether an application for change of name comes within CPLR 1101’s reference to “an action * * * triable,” the court finds that it does for two reasons. First, especially when considered within the present judicial currents of thought noted hereinabove, it obviously falls within the spirit of the section; and secondly, any quibble as to terminology is put at rest by CPLR 103 and 105 (subd. [b]), which eliminate all distinctions between actions and special proceedings.
If that were all, the matter would permit of facile resolution. Unfortunately, there is a further impediment which the court does not feel itself free to blink away. CPLR 1101 (subd. [c]) mandates notice on the Finance Administrator of the City of New York; and such notice has not been given.
I might, conceivably, determine that the initial filing fee could be dispensed with without such notice — on the theory that the change of name proceeding has not yet been commenced. (2 Weinstein-Korn-Miller, N. Y. Civ. Prac., pars. 1101.03 and 1101.13; 21 Carmody-Wait 2d, New York Practice, § 127.17, p. 330; Matter of Sanches, N. Y. L. J., Aug. 29, 1972, p. 15, col. 8 [Sup. Ct., Kings County, Wegman, J.].) Even if I were so disposed, however, I could not shrug away the fact that inevitably the matter of publication would have to arise, because it is part and parcel of the change of name order. It most certainly does not make for judicial economy to keep multiplying proceedings. The City Finance Administrator would clearly be entitled to notice vis-a-vis ¡this expense of publication in a change of name proceeding, especially in view of the above-mentioned holding of the Appellate Division for this Department that the State, not the city, must bear the cost of publication in matrimonial proceedings. (Albino v. City of New York, 39 A D 2d 853, supra.) The City Finance Administrator may urge, and brief, the application of Albino to the instant type of proceeding.
The court has struggled to find some imaginative way in which the provision for notice to the city could be dispensed with. However, it has seen no way out of the condition precedent that the CPLR mandates. On the contrary, the court notes that two similar recent Supreme Court proceedings were dismissed for failure to notify the Finance Administrator, whether or not the “..action.” could be deemed commenced. (See Lombardi v. *120 United States Marshal, N. Y. L. J., July 12, 1972, p. 2, col. 5 [Sup. Ct., New York County, G-ellihoff, J.]; Matter of Weber, N. Y. L. J., Sept. 13,1972, p. 21, col. 1 [Sup. Ct., Kings County, McGroarty, J.]); and, ef. Lancer v. Lancer, 70 Misc 2d 1045 [Sup. Ct., Nassau County, 1972].)
Patently, the court will, on a fuller presentation, with the benefit of the city’s views, be in a more informed position than on the present ex parte proceeding to appraise the rights of all concerned parties, and also to determine which organ of government, if any, should, bear this expense. All of this, of course, assumes the merit and bona fides of the change of name petition. If I were now passing on those merits, the case would seem to me, on the facts indicated as to Mr. Whyte, a singularly appropriate, one for change of name.
Under the circumstances, however, the court regretfully concludes that it cannot sign this order ex parte, since the Finance Administrator is an indispensable party to the proceeding. Petitioner should proceed by notice of motion, serving all proper parties. The court calls to the attention of petitioner’s counsel that, upon such appropriate renewal of the motion, the court would be greatly aided by a brief directed to all the legal questions herein, including who should bear the expense of publication.
Petitioner, should he choose to renew his motion in proper form at Special Term, Part I, may at his option request referral of the motion to me.