OPINION OF THE COURT
Anne G. Feldman, J.
Infant petitioner’s motion to proceed as a poor person, to change her name, and to require the City of New York to pay full cost of the publication required by section 63 of the Civil Rights Law is denied.
In denying the relief requested, the court is not ruling on either the merits of plaintiffs claim to be a person in need of such relief, or the benefits to her of a name change. Rather, its ruling is restricted to a finding that an application for a *692 judicial change in name does not entitle petitioner to poor person’s relief.
Petitioner relies upon Matter of Whyte (72 Misc 2d 116), where the court held that an application for a change in name pursuant to section 63 of the Civil Rights Law is a proceeding eligible for poor person’s relief. However, this court is not persuaded by Whyte. Whyte was based upon a "growing encyclopedia of decisions”, beginning with Gideon v Wainwright (372 US 335) and culminating with Boddie v Connecticut (401 US 371) which have established the right of poor persons to equal access to the court "where a court action is a sine qua non for a species of relief’ (Matter of Whyte, supra, p 117).
Boddie (supra), upon which Whyte (supra) relies, is solidly grounded on the principle that where the only means of resolving a dispute is a judicial proceeding, inability to pay cannot bar relief. However, in United States v Kras (409 US 434), a petition for waiver of the bankruptcy filing fee, the court distinguished and narrowed Boddie (supra). It held "the Government’s control over establishment, enforcement or dissolution of debts [is not] nearly so exclusive as * * * control over the marriage relationship^] [involved] in Boddie” (United States v Kras, supra, p 445), and denied the fee waiver requested.
The quoted language from Kras is applicable to the case at bar. Petitioner apparently believes as did the court in Whyte (supra), that the only means to a change in name is statutory. However, there is a common-law right to change one’s name at will, absent fraud or interference with the rights of others. In 1910, a unanimous New York Court of Appeals in Smith v United States Cas. Co. (197 NY 420, 429) held that the existence of a statutory means for a change in name "does not repeal the common law by implication or otherwise, but gives an additional method for effecting a change” (see, e.g., Matter of Halligan, 46 AD2d 170; Matter of Carol B., 81 Misc 2d 284; Matter of Anonymous, 57 Misc 2d 813; Matter of Green, 54 Misc 2d 606).
As Kras (supra) makes clear, the absence of an alternative remedy is the appropriate test of whether the State must provide access to the courts. Here, there is an alternative. In fact, as stated in the affidavit of petitioner’s guardian, the infant petitioner has used that alternative; she has already adopted her chosen name and is widely known by it.
*693 In view of the common-law alternative, requiring the city to assume the costs of a statutory name change would contravene the policy underlying poor person’s relief.