OPINION OF THE COURT
Debra Silber, J.
Pro se petitioner Georgina Conde (Conde) seeks an order changing the name of her 11-year-old infant son, Christopher Conde (Christopher), from Christopher Conde to Christopher Vasquez. Christopher was born on November 27, 1989 in Brooklyn, New York, and issued a birth certificate by the New York City Department of Health which is devoid of any infor *786 mation with respect to Christopher’s father. For the reasons set forth, the petition is denied.
Conde sets forth that Christopher wishes, and that she does not object, to change his surname from Conde to Vasquez, which is his putative biological father’s surname. In support of the petition, Conde submits an affidavit which sets forth that Guillermo Vasquez is Christopher’s biological father. Conde also submits an affidavit from Guillermo Vasquez in which he sets forth that he is Christopher’s biological father.
Name change applications are normally treated as standard and routine. In fact, it is well settled in common law that a person may change his or her name without the necessity of a court order so long as use of a different name does not perpetrate fraud, deceit or avoidance of an obligation. (Matter of Halligan, 46 AD2d 170 [4th Dept 1974].) New York Civil Rights Law § 60 et seq. provides the necessary directions for effectuating a court-ordered name change as an alternative to one’s common-law use of a name. Civil Rights Law § 60 neither diminishes nor abrogates a person’s common-law right to effectuate a name change. (Matter of Ellerby, 99 Misc 2d 691 [Civ Ct, Kings County 1979]; Matter of Linda Ann A., 126 Misc 2d 43 [App Term, 2d Dept 1984].)
Although an adult has the right to liberally change his or her name, where a minor is involved, courts stand in loco parentis to the minor. The court is obligated to protect the minor’s best interests. (Matter of Robinson, 74 Misc 2d 63 [Civ Ct, NY County 1972].) Thus, a “court is duty bound to examine all the facts including the reasons expressed for the change and the name sought to be approved.” (Matter of Sakaris, 160 Misc 2d 657, 661 [Civ Ct, Richmond County 1993].)
Civil Rights Law § 63 provides that a Judge may issue an order authorizing a petitioner to assume a proposed name when:
“the court to which the petition is presented is satisfied thereby, or by the affidavit and certificate presented therewith, that the petition is true, and that there is no reasonable objection to the change of name proposed, and if the petition be to change the name of an infant that the interests of the infant will be substantially promoted by the change” (emphasis added).
The instant petition presents the court with the significant issue of whether this court has the authority to change the surname of a child born out of wedlock.
There are primarily two methods by which the surname of a child born out of wedlock may be changed other than by a name *787 change proceeding such as the instant application, and both result in a new surname and the establishment of paternity. The first method is by an acknowledgment of paternity pursuant to Public Health Law § 4135 (2) (i), and the second is by a court order or judgment pursuant to Public Health Law § 4135 (2) (ii).
The court first directs its attention to the acknowledgment of paternity procedure contained in Public Health Law § 4135 (2) (i). This mechanism for the change of the surname of a child born out of wedlock is found in Public Health Law § 4135-b (1) (a), which sets forth in relevant part that:
“Such acknowledgment, if signed by both parties at any time following the birth of a child, shall be filed with the registrar at the same time at which the certificate of live birth is filed, if possible, or anytime thereafter.”
Public Health Law § 4135-b (1) (a) further sets forth that:
“The acknowledgment shall be executed on a form provided by the commissioner [of Health] * * * which shall include the social security number of the mother and of the putative father and provide in plain language (i) a statement by the mother consenting to the acknowledgment of paternity and a statement that the putative is the only possible father, (ii) a statement by the putative father that he is the biological father of the child, and (iii) a statement that the signing of the acknowledgment of paternity by both parties shall have the same force and effect as an order of filiation entered after a court hearing by a court of competent jurisdiction, including an obligation to provide support for the child except that, only if filed with the registrar of the district in which the birth certificate has been filed, will the acknowledgment have such force and effect with respect to inheritance rights.”
In order to place the father’s name on the birth certificate and, if desired, to change the child’s surname to the father’s, one need merely obtain the necessary forms from the New York City Health Department, sign them, notarize them and return them. There is no fee. This can also be done at the New York City Family Court and the court will send the forms to the Health Department. The end result is an amended birth certificate, which does not, and may not pursuant to Administrative Code of the City of New York § 17-167 (c), disclose that it has been amended.
*788 Public Health Law § 4135 (2) (ii) provides that the name of the putative father of a child born out of wedlock may be entered on the birth certificate after a court order, judgment or decree “relating to parentage.” As the New York City Civil Court lacks jurisdiction to determine parentage, this court lacks the ability to comply with the requirements of Public Health Law § 4135 (2) (ii). It is well settled that the Family Court has exclusive original jurisdiction to make paternity findings, establish custody and visitation, and make child support determinations (see, Family Ct Act § 511). Additionally, proceeding there would be without cost, while the -filing fee and publication cost for a name change petition in this court easily exceeds $150. Additionally, and not insignificantly, this court has no way to verify the truth of the allegations in the petition, and may in fact be assisting the petitioner to conceal the child from the child’s actual father.
The court has no doubt that petitioner had Christopher’s best interests in mind when she commenced this petition to change his surname. However, she probably is unaware that granting the petition would bestow Christopher with his putative biological father’s surname, but would not provide Christopher with a legal father, or any of the accompanying legal rights that he is entitled to, such as child support, visitation and inheritance rights. There is also the matter of Social Security benefits. Additionally, there is the stigma of having a birth certificate without a second parent indicated.
Based on the papers submitted, I find that although the instant petition is not rooted in either fraud, deceit or avoidance of any financial obligation, the proposed name change is directly adverse to Christopher’s best interests, which is of tantamount concern to this court. (See, e.g., 79 NY Jur 2d, Names, § 38.) The legal standard set forth in Civil Rights Law § 63, that the interests of the infant will be substantially promoted by the change, is not met. The infant’s mother should have the father’s name placed on the child’s birth certificate, utilizing^one of the two methods described above, and the child’s surname will be changed at the same time, if the petitioner indicates on the papers that she wishes it to be so changed. (Public Health Law § 4135-b [4]; § 4138.)
Civil Rights Law § 62 sets forth in relevant part:
“If the petition be to change the name of an infant, notice of the time and place when and where the petition will be presented must be served, in like manner as to notice of a motion upon an attorney *789 in an action, upon (a) both parents of the infant, if they be living, unless the petition be made by one of the parents, in which case notice must be served upon the other, if he or she be living, and * * * If it appears to the satisfaction of the court that a person required to be given notice by this section cannot be located with due diligence within the state, and that such person has no known address without the state, then the court may dispense with notice or require notice to be given to such persons and in such manner as the court thinks proper.”
Civil Rights Law § 62 clearly requires that notice to the nonpetitioning parent be given. When there is no second parent indicated on the child’s birth certificate, the court is, in most circumstances, without power to proceed, as the court has no authority to determine parentage. Any notice given, or consent provided in lieu of notice, cannot be deemed to meet the requirements of Civil Rights Law § 62, and any such petition must be denied.
If the petitioning mother wants to add the father to the birth certificate, she can avail herself of one of the two procedures described above. The child may petition to change his or her name upon reaching majority. Not only would approving this petition be contrary to public policy, but it is clear that the Civil Court is without jurisdiction to change the surname of an infant who has no father indicated on the birth certificate unless the petitioning parent can establish good cause to waive the Civil Rights Law § 62 notice requirement.
In some circumstances, the Civil Court may waive the above-cited notice requirement. In a situation where there is in fact no father of the child, such as in the case of a child conceived by alternative insemination by an unknown donor, this court does have the authority to change the infant’s name, as there is no known person to give notice to, and no legal proceeding available in another forum that will result in the infant obtaining a second parent.* In those instances, the petition should recite the circumstances which make notice under Civil Rights Law § 62 impossible, and the court may take the facts into consideration. However, a statement that the whereabouts of the putative father are unknown is not sufficient, as an order of filiation under Family Court Act § 525 (c) may be obtained on default. While Civil Rights Law § 62 states that the court may waive the notice requirement upon evidence of a diligent *790 search, this implies searching for the person listed on the birth certificate as the father. In the absence of a father on the birth certificate, the court has no way to know if a petitioning mother who provides an affidavit of her search was in fact searching for the child’s biological father.
To reiterate, when the biological parents wish to add the father’s name to the child’s birth certificate and to effectuate a change of the child’s surname (which is optional), the child’s parents may file an acknowledgment of paternity form with the New York City Health Department and obtain a new and corrected birth certificate. As this procedure is available to petitioner herein, public policy weighs against approving a mere name change. Since the petitioner cannot technically comply with the Civil Rights Law § 62 notice requirement, the petition must be denied on that basis as well. Accordingly, the petition is denied.

 Other than adoption by a nonbiological parent, of course.