OPINION OF THE COURT
Peter H. Mayer, J.
*230 Ordered that the application by the petitioner mother, Kimberly Mack, which seeks leave to change the name of her son, born in 1994, from “Ka’Ron Lamar Stephens” to “Ka’Ron Lamar Mack” is hereby denied with leave to renew upon proper papers, which comply with Civil Rights Law § 60 et seq., including but not limited to an updated petition setting forth current facts upon which the requested relief may be granted, and proof of proper notice to the child’s father; and it is further ordered that the petitioner shall serve a copy of this order, as well as a copy of the petition and petitioner’s proposed order, upon the child’s father, Ronald Stephens, within 20 days of the date of this order, by certified mail, return receipt requested and regular first-class mail at the child’s father’s last known address, and shall file the affidavit(s) of such service with the Office of the Suffolk County Clerk; and it is further ordered that any petition to renew shall set forth the efforts undertaken by the petitioner to ascertain the father’s last known address so as to provide due notice of the petition to the father; and it is further ordered that a copy of this order and the related affidavit of service shall be annexed as exhibits to any petition to renew.
In this matter, the petitioner mother, Kimberly Mack, seeks leave to change the name of her now 12-year-old son, born in 1994, from “Ka’Ron Lamar Stephens” to “Ka’Ron Lamar Mack.” The petition signed by Ms. Mack was sworn to on March 15, 2005, nearly a full year before the alleged service of the petition upon the child’s father. The court’s file indicates that the petition was returned to the petitioner by the special term clerk, apparently for failure to include a proper notice of petition and failure to include a return date for the petition.
The initial affidavit of service, sworn to on May 15, 2006, alleges that the petition had been served by certified mail on March 6, 2006. The affidavit states that the petition was “directed to Ronald Stevens to the last known address of 3522 Boulder Crest Road, Ellenwood, GA according to the best information which can be conveniently obtained at this time” (emphasis supplied). From the petition, it is readily apparent that the child’s father’s last name is spelled S-t-e-p-he-n-s, not an insignificant difference given the other problems with service as set forth herein. Although the return receipt card for the purported first certified mail service indicates that the article was received by someone, the signature clearly does not reflect receipt by either a “Ronald Stevens” or a “Ronald Stephens.”
*231 A second affidavit of service, sworn to July 24, 2006, alleges that a notice of petition was served on July 21, 2006 by certified mail. There is no showing, however, that the petition itself was actually included and served with the notice. In addition, as with the first affidavit of service, the second affidavit states that the notice was purportedly served on Ronald Stevens, not Ronald Stephens, the correct name of the father. In similar fashion to the first affidavit of service, the second affidavit sets forth mere boilerplate service-of-process language and makes vague reference to service pursuant to “the best information which can be conveniently obtained at this timehowever, the affidavit fails to list any address at which service was to be made (emphasis supplied). Furthermore, the postal certified mail receipt shows that the notice was purportedly mailed to Ronald Stevens at 3522 Boulevard Road, Ellenwood, GA, a different address than the 3522 Boulder Crest Road address previously used by the petitioner to attempt service.
In relevant part, Civil Rights Law § 60 provides that a “petition to change the name of an infant may be made by the infant through . . . either of his parents.” Under Civil Rights Law § 62 (1), when a petition to change an infant’s name is made by one of the parents, and the parent to be served resides out of state, “then the notice required by this section must be sent by registered mail to the last known address of the person to be served.” Given the different names and different addresses used by the petitioner to attempt service upon the child’s father, and given the qualifying language contained in the affidavits of service — that service was made merely in accordance with “the best information which [could] be conveniently obtained at [that] time” — this court is not satisfied that the petitioner provided to the child’s father the notice envisioned under the Civil Rights Law. Indeed, mere convenience to the petitioner in serving process has never been the standard employed by the courts in determining whether or not notice of a particular proceeding was proper. Accordingly, the court finds that the petitioner has failed to satisfy the notice requirements of Civil Rights Law § 62 (1).
Neither parent has a superior right to determine the surname of a child, as the question is always whether the best interests of the child will be served by the proposed change (Matter of Cohan v Cunningham, 104 AD2d 716 [4th Dept 1984]; Matter of Caraballo, 13 Misc 3d 1229[A], 2006 NY Slip Op 52054[U] [2006]). Accordingly, if the court were *232 to accept as true the facts of a petitiohing parent without proof of proper notice of the petition to the other parent, the court would, in effect, be affording the petitioning parent a superior right to determine the child’s name. This court will not provide any such superior right to either parent. Therefore, the petition must be denied.
With regard to the merits of a pétition for a name change, pursuant to Civil Rights Law § 63, the court is required to grant an order permitting a petitioner to assume the proposed name change only when: (1) the court is satisfied that the petition is true, based upon the petition or the affidavit and certificate presented in support thereof; and (2) there is no reasonable objection to the change of name proposed; and (3) if the petition is to change the name of an infant, the interests of the infant will be substantially promoted by the change. In a petition for a name change of a minor, the court stands in loco parentis to the minor and is obligated to protect the minor’s best interests (Matter of Conde, 186 Misc 2d 785 [Civ Ct, Kings County 2000]). Therefore, a court is duty bound to examine all the facts, including the reasons expressed for the proposed name change (id.).
In this case, as grounds to change her son’s name, the petitioner merely states that the child “has had no contact with his father since 1998.” There is no further explanation proffered. From this statement alone, the petitioner apparently wishes the court to conclude that such lack of contact is tantamount to abandonment of the child by the father. For the court to draw such conclusion without supporting evidence, however, would require the court to employ speculation and conjecture in rendering its decision. Such approach could just as easily cause the court to conclude that the lack of contact is the result of the mother’s wrongful withholding of the child from the father. Notably, the petition is silent on issues such as the reason for lack of contact, whether there is any court-ordered visitation rights, and what support, if any, the father is providing for the child. The petitioner’s silence on these issues is particularly concerning to the court given the year-long period of time that elapsed from the date of the petition until service upon the father was allegedly attempted. During that time, facts relevant to the petition may have changed. Accordingly, the court is unable to ascertain the reason for the lack of contact, whether or not there is a reasonable objection to the *233 petition, or whether the proposed name change is in the best interests of the child. The petition must be denied for these reasons as well.
Based on the foregoing, the petition is denied with leave to renew upon proper papers, including but not limited to proper statutory notice to the father and evidence from which the court may render a decision as to the best interests of the subject child, Ka’Ron Lamar Stephens.