■ In the Matter of ANTHONY JONES, Appellant. [49 NYS3d 300]—

Order, Supreme Court, Bronx County (Wilma Guzman, J.), entered January 27, 2016, which denied petitioner's application for poor person relief pursuant to CPLR 1101, unanimously modified, on the law and the facts and in the exercise of discretion, to grant the application to the extent of waiving costs and fees under CPLR 1101 (d), and otherwise affirmed, without costs.

Citing *Matter of Ellerby* (99 Misc 2d 691 [Civ Ct, Kings County 1979]), the motion court denied petitioner's application for poor person relief in this statutory name-change proceeding on the ground that the general common-law right to a name change renders the statutory proceeding unnecessary. However, the common-law name-change procedure, which is effected simply through use and habit (*see Smith v United States Cas. Co.*, 197 NY 420 [1910]; *Matter of Halligan*, 46 AD2d 170 [4th Dept 1974]; *see also Matter of Golden*, 56 AD3d 1109, 1110 [3d Dept 2008]), assumes a freedom of action not necessarily available to a prison inmate (*see* 7 NYCRR 270.2 [B] [11] [ii], [iii] [rules 110.20, 110.21]). Rather than being surplus to the common-law procedure, a statutory name-change proceeding may be petitioner's only available remedy.

The costs of publication for a statutory name change (*see* Civil Rights Law § 63) are not among the costs and fees that may be waived under CPLR 1101 (d) (*cf. Deason v Deason*, 32 NY2d 93, 94-95 [1973] [poor person relief available in case where "auxiliary expense" of service of process by publication denies access to the courts]). However, the denial of all poor person relief is not warranted (*see e.g. Carter v County of Erie*, 255 AD2d 984, 985 [4th Dept 1998]; *see also* CPLR 1101 [f]).

We note that Civil Rights Law § 63 only requires publication in one designated periodical. Concur—Tom, J.P., Moskowitz, Feinman, Gische and Kapnick, JJ.