OPINION OF THE COURT
Peter H. Mayer, J.
The motion is decided as follows: it is ordered that the unopposed application by the petitioner mother, Reine R., which seeks leave to change the name of her son, born xx/xx/2009, from “Gabriel N.M.” to “Gabriel N.R.,” is hereby denied for failure to comply with Civil Rights Law § 60 et seq., including but not limited to: (1) proof of proper notice of the petition upon the child’s father, Brayner M., as required by Civil Rights Law § 62; and (2) a petition that complies with the form requirements of Civil Rights Law § 61 (1); and it is further ordered that the petitioner mother shall promptly serve a copy of this order, as well as a copy of the petition and petitioner’s proposed order, upon the child’s father, Brayner M., at Mr. M.’s last known address, by certified mail (return receipt requested) and first-class mail and shall file the affidavit(s) of such service with the office of the Suffolk County Clerk; and it is further ordered that any future petition shall set forth the efforts undertaken by the petitioner to ascertain the father’s last known address so as to provide due notice of the petition to the father; and it is further ordered that a copy of this order and the related affidavit of service shall be annexed as exhibits to any new petition.
In this matter, petitioner mother, Reine R., seeks leave to change the name of her son, born xx/xx/2009, from “Gabriel N.M.” to “Gabriel N.R.” The petitioner and the child’s father, Brayner M., were divorced by judgment of divorce granted on xx/xx/2013 (Adams, J.) and entered in the Nassau County Clerk’s Office on xx/xx/2013. Previously, pursuant to agreement of the parties and as ordered by a xx/xx/2011 Nassau County Family Court order (Stack, J.H.O.), the petitioner was awarded sole custody of the child and the father was awarded liberal visitation, as well as access to the child’s health and education records. Petitioner was later remarried to Anthony J.R. on xx/ xx/2014.
After her remarriage, the petitioner mother filed a petition in Suffolk County Family Court on xx/xx/2015 to modify the xx/xx/2013 judgment of divorce. In that Family Court proceeding, the father consented to an upward modification of child support, and an order was entered accordingly by Support Mag *446 istrate, John E. Raimondi, on xx/xx/2015. Petitioner now seeks to change the child’s last name, essentially on the grounds that she wants the child to share her new last name and the last name of her new husband and his children from a prior relationship. The petitioner acknowledges that the child’s father is paying child support pursuant to the xx/xx/2015 order. She also acknowledges that the father has contact with the child and sees the child for visitation, although on a limited basis. Although the petitioner mother annexes a completed, notarized consent of parent form, the “consent” is from the mother herself, not from the child’s father.
With regard to the merits of a petition for a name change, the court is required, pursuant to Civil Rights Law § 63, to grant such change only if the court is satisfied “that the petition is true, and that there is no reasonable objection to the change of name proposed, and if the petition be to change the name of an infant, that the interests of the infant will be substantially promoted by the change.” With a petition to change an infant’s name, the court stands in loco parentis to the minor and is obligated to protect the minor’s best interests (see Matter of Conde, 186 Misc 2d 785 [Civ Ct, Kings County 2000]). Therefore, a court is duty bound to examine all the facts, including the reasons expressed for the proposed name change (id.).
Initially, the court finds that the petitioner has failed to make a showing of proper notice of this petition upon the father under Civil Rights Law § 62. Pursuant to Civil Rights Law § 62 (1), service of a petition by one parent to change the name of the parents’ infant must provide to the other parent who resides within the state “notice of the time and place when and where the petition will be presented [and] must be served, in like manner as a notice of a motion upon an attorney in an action.” In addition,
“[i]f it appears to the satisfaction of the court that a person required to be given notice by this section cannot be located with due diligence within the state . . . then the court may dispense with notice or require notice to be given to such persons and in such manner as the court thinks proper.” (Id.)
Notwithstanding the implied contentions of the petitioner and her new husband to the contrary, the court finds no reasonable basis to dispense with the statutory notice requirements of Civil Rights Law § 62 (1).
*447 In support of her petition, the mother submits a preprinted form affidavit of purported service from her new husband, Anthony J.R., in which Mr. R. states that he served the petition upon the child’s father, Brayner M., “outside of place of business .. .do not know Defendant’s home address” (emphasis added). Also attached to the petition are several handwritten, unsworn yellow “post-it” notes, presumably written by the mother. One of those post-it notes is attached to Mr. R.’s affidavit of purported service and states: “I did not have the defendant served by certified mail because in [the] support case he claimed he did not receive papers.” Despite these claims, however, the mother’s notice of petition in this proceeding lists the father’s address as “xxx E. xxrd St., NY NY 10022.” The mother also provided “xxx E. xxrd St., NY, NY 10022” as the father’s address in her xx/xx/2015 Family Court petition, and that same address is listed in the xx/xx/2015 Family Court order, which resulted from the parties’ stipulation of settlement. These facts belie the claims in the petition and affidavit of purported service that the father’s address is unknown.
Neither parent has a superior right to determine the surname of a child, as the question is always whether the best interests of the child will be served by the proposed change (Matter of Cohan v Cunningham, 104 AD2d 716 [4th Dept 1984]; Matter of Caraballo, 13 Misc 3d 1229[A], 2006 NY Slip Op 52054[U] [2006]). Accordingly, if the court were to accept as true the facts of a petitioning parent without proof of proper notice of the petition to the other parent, the court would, in effect, be affording the petitioning parent a superior right to determine the child’s name. This court will provide no such superior right to either parent. Therefore, since the petition and supporting papers fail to show that the father, Brayner M., was given proper notice of the petition pursuant to Civil Rights Law § 62, the petition is denied (see Matter of Mack, 15 Misc 3d 229 [Sup Ct, Suffolk County 2007]).
Even if the court were to find that notice upon the father had been proper, the petition must be denied for failure to include the statutorily required information about the petitioner, as mandated by Civil Rights Law § 61. It is axiomatic that an infant cannot represent himself or herself in a civil proceeding. Accordingly, CPLR 1201 states, in relevant part: “Unless the court appoints a guardian ad litem, an infant shall appear by the guardian of his property or . . .by a parent having legal custody, or, if there is no such parent, by another *448 person or agency having legal custody” (emphasis added). With specific regard to an infant’s name change proceeding, Civil Rights Law § 60 provides, in relevant part, that a “petition to change the name of an infant may be made by the infant through . . . either of his parents” (emphasis added). Precisely because an infant does not have the capacity to represent himself or herself, Civil Rights Law § 61 (1) expressly requires the adult petitioner submitting the petition to include, under oath, the following Information in the petition:
“(a) whether or not the petitioner has been convicted of a crime or adjudicated a bankrupt; (b) whether or not there are any judgments or liens of record against the petitioner or actions or proceedings pending to which the petitioner is a party, and, if so, the petitioner shall give descriptive details in connection therewith sufficient to readily identify the matter referred to; (c) whether or not the petitioner is responsible for child support obligations; (d) whether or not the petitioner’s child support obligations have been satisfied and are up to date; (e) the amount of a child support arrearage that currently is outstanding along with the identity of the court which issued the support order and the county child support collections unit; (f) whether or not the petitioner is responsible for spousal support obligations; (g) whether or not the petitioner’s spousal support obligations have been satisfied and are up to date; and (h) the amount of spousal support arrearage that currently is outstanding along with the identity of the court which issued the support order” (emphasis added).
Although Civil Rights Law § 61 expressly requires the petitioner to make several significantly important representations under oath, the petition form used by petitioner here improperly replaces the word “petitioner” with the word “infant.” For example, the following paragraphs of the petition form require the petitioner parent to swear: that the infant is not married and has not been married previously (para 6); that the infant has never been convicted of a crime (para 7); that the infant has never been adjudicated a bankrupt (para 8); that there are no judgments, liens, actions or bankruptcy proceedings pending against the infant, and that the infant has not made any assignments for the benefit of a creditor (para 9); and that there are no written instrument claims, demands, liabilities or *449 obligations against the infant, and that the infant has no creditors that would be adversely affected or prejudiced by the proposed name change (para 10).
In this proceeding, as in many other infant name change proceedings, this court is presented with a petition on a form obtained by the petitioner from a state agency, either the New York State Office of Court Administration website or the Suffolk County Supreme Court Law Library’s Help Center. Although the express statutory language requires the petitioner parent {not the infant) to be the affiant of such information, the state-provided form incorrectly uses the word “infant” in place of the statutorily required word, “petitioner.” Therefore, the State’s preprinted petition form does not comply with the content requirements of Civil Rights Law § 61, nor does it reflect the practical purpose of the statutory language. By completing the state-provided petition form, a petitioner parent may withhold expressly required and critically important information about himself or herself, while surreptitiously obtaining an infant name change order that affects, for example, proper enforcement of child custody orders, payments made pursuant to child support orders, and orders restraining a parent from fleeing the jurisdiction with the child. Therefore, this court finds that infant name change petitions must strictly comply with the specific content requirements of Civil Rights Law § 61.
Based on the foregoing, the petition is denied.